George Paukert (SBN: 183124)
Law Offices of George Paukert
44376 Hazel Canyon Lane
Palm Desert, California 92260
(310) 850-0231
paukburt@aol.com


Attorneys for Intervenor
Surgery Center Management, LLC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>CINDY OMIDI, et al.<br><br>Defendants | Case No. 13 CR 00739 SVW<br><br>**CINDY OMIDI AND SURGERY CENTER MANAGEMENT'S JOINDER IN VALLEY SURGICAL CENTER'S EMERGENCY EX PARTE APPLICATION TO INTERVENE AND TO EXEMPT AND UNSEAL SUBJECT PARAGRAPH IN FDA REPORT OF INVESTIGATION FROM THE PROTECTIVE ORDER**<br><br>**DECLARATIONS OF CINDY OMIDI AND GEORGE PAUKERT**<br><br>**Judge: Stephen V. Wilson**<br><br>Hearing Date:<br>Hearing Time: |

Defendant, Cindy Omidi, and Intervenor Surgery Center Management, LLC., submits this Joiner in Valley Surgery Center, LLC's Ex Parte Application To Intervene for the limited purpose of obtaining an order granting an Exemption to the Court's Protective Orders of March 22, 2018 (Dkt. 91) and April 3, 2018, (Dkt. 115), and to Unseal a Subject Paragraph dated January 6, 2012 from the Report of Investigation of Food and Drug Administration.[1]  There is nothing confidential, sensitive or secret in the seven and three-quarter (7¾) years old Report, and the Report reveals no witness who could be compromised or information that would endanger any investigation or other aspect of this proceeding.  Surgery Center Management has a vital interest to prevent the Protective Orders issued in this case from prejudicing Valley Surgical Center, who was Surgery Center Management's managed entity at that time, and it is necessary that Valley Surgical Center have the January 6, 2012, FDA Report to use to protect its interests, and the interests of Surgery Center management, Independent Medical Services, and Julian Omidi, against unwarranted claims made against it the case of *Valley Surgical Center, LLC. v. Los Angeles County,* USDC CDC Case No.13 CV 02265 DWP.

This is an appropriate case to lift the sealing of the document because the document has otherwise been made public in numerous other litigation cases for years.  There is no basis for the sealing of the report because it contains nothing sensitive, private, or prejudicial resulting from its release to the public.  Keeping the document sealed away from public scrutiny will not only prejudice Valley, Surgery Center Management, Independent Medical Services, and Mr. Omidi, but will also countenance a major injustice

---

[1]  On August 26, 2014, Surgery Center Management previously moved for and was granted intervention in this case.  Surgery Center Management has never withdrawn its intervention in this proceeding.  It is therefore still a party. *Alvarado v. J.C. Penney Co., Inc.*, 997 F.2d 803, 805 (10th Cir.1993) ("As an intervenor, the Estate is a "full participant in the lawsuit and is treated just as if it were an original party.") (*quoting Schneider v. Dumbarton Developers, Inc*., 767 F.2d 1007, 1017 (D.C.Cir. 1985); C.Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 1920 (2013)  ("Unless conditions have been imposed, the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties.").

of hiding misconduct in which the government has engaged where the record shows the government interfered with a death investigation to improperly influence its result to the prejudice of Ms. Omidi, Mr. Omidi, Valley, and Surgery Center management.

Surgery Center Management is a defendant in the case of *United States v. Julian Omidi*, USDC CDC Case No. 17 CR 00661 DMG, where a similar Stipulated Protective Order dated March 22, 2018 (Dkt. 91) and April 3, 2018, (Dkt. 115). That Protective Order which is the basis for the government's claim the Roger Jon Diamond Declaration should not be made public. However, the District Court in Valley v. La County relied on the Protective Order in this case (13 CR 00739) to require there be relief from the Protective Order before it would permit use of the FDA Report. In this case, the protective Order was like a preliminary injunction and governed the parties during the pendency of the action, and was not made permanent or part of any final judgment. *Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) (protective order is not a final judgment and unless extended does not become part of a final judgment); *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195 (2d Cir. 2010) (a protective order is like a preliminary injunction existing only until a final determination on the merits on a preliminary non-final basis). Nevertheless, Mrs. Omidi, surgery Center Management, and Julian Omidi seek the unsealing of the FDA Report from this Court to avoid any question about their use of the document in the *Valley v. LA County* case.

The inclusion of an FDA Report made on January 6, 2912, which was seven and three quarter (7¾) years ago, which has nothing to do with the allegations made against Surgery Center Management, Cindy Omidi, Julian Omidi, or any of the allegations contained in the *United States v. Julian Omidi* case, is inappropriate. The FDA Report had nothing to do with any of the allegations which were made against Cindy Omidi in this case. There is no basis for a Protective Order covering the FDA Report. The government's wish to keep its attempt to influence the LA Coroner to reach an improper and baseless homicide determination on January 6, 2012 in a local government Death investigation involving Paula Rojeski demonstrates the urgency and necessity of having

that information released to the public so that it can be used to vindicate Valley Surgical Center, and Surgery Center Management as Valley's manager, from baseless accusation which were initiated by the US government.

Respectfully submitted,

Dated: September 17, 2019              LAW OFFICE OF GEORGE PAUKERT

                                            /s/ George Paukert

                                   By: _____

                                       George Paukert
                                       *Attorney Surgery Center Management*

# DECLARATION OF CINDY OMIDI

I, Cindy Omidi, declare and say:

I am a defendant in the above-entitled action. I submit this Declaration in support of the Valley Surgical Center and Surgery Center Management's request to unseal the January 6, 2012, FDA Report. I have personal knowledge of the facts in this declaration and would competently testify thereof if called as a witness in this action. I declare as follows:

1. I have submitted this Joinder in Valley surgical Center's Ex Parte Application because Surgery Center Management was the prior Manager of Valley Surgical Center, and it not only has a vital interest to protect in Support of Valley Surgical Center, but also it is obligated not to permit a Protective Order issued in this case to cause irreparable injury and damage to its managed entity, Valley Surgical Center.

2. There is no basis for a protective Order regarding the January 6, 2012, FDA Report. there is not private, confidential, or secret about the FDA Report. No witness, government interest, or aspect of any investigation in this case (13 CR 00739) or in Julian Omidi's case (17 CR 00661) is compromised or in any manner prejudice by the disclosure of the January 5, 2012, FDA Report. The inclusion of that Report in the Protective Order in this case (13 CR 00739) was overbroad and unnecessary because there is nothing in that Report which would justify placing it under seal or prohibiting the public from having access to the report.

3. This case (13 CR 00739) was concluded with a final judgment on August 17, 2015. All appeals and post-trial proceedings in this matter have been concluded. The FDA Report is from January 6, 2012, regarding the government's involvement in a death investigation for the death of Paula Rojeski, who died September 8, 2011, and the passage of time has made further sealing of the FDA Report unjustified and with no factual basis.

4

SURGERY CENTER MANAGEMENT'S JOINDER IN VALLEY SURGICAL CENTER'S EMERGENCY EX PARTE
APPLICATION TO INTERVENE AND TO EXEMPT AND UNSEAL

I declare under the penalty of perjury the foregoing is true under the laws of the United States.

Executed this 16th day of September, 2019, at Los Angeles, California.


/s/ Cindy Omidi
--------------
Cindy Omidi

# DECLARATION OF GEORGE PAUKERT

I am the attorney of record for Defendant, Surgery Center Management, LLC. I submit this Declaration in support of the above entitled action. . I have personal knowledge of the facts in this declaration and could and would competently testify thereof if called as a witness in this action. I declare as follows:

1. Surgery Center Management has submitted a Separate Joinder in Valley surgical Center's Ex Parte Application because Surgery Center Management was the prior Manager of Valley Surgical Center, and it not only has a vital interest to protect in Support of Valley Surgical Center, but also it is obligated not to permit a Protective Order issued in this case to cause irreparable injury and damage to its managed entity, Valley Surgical Center.

I declare under the penalty of perjury the foregoing is true under the laws of the United States.

Executed this 16th day of September, 2019, at Palm Desert, California.

/s/ George Paukert
_____
George Paukert

**PROOF OF SERVICE**

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address 44376 Hazel Canyon Ln, Palm Desert, CA 92260-3054.

On September 17, 2019, I served the document described as:

**CINDY OMIDI AND SURGERY CENTER MANAGEMENT'S JOINDER IN VALLEY SURGICAL CENTER'S EMERGENCY EX PARTE APPLICATION TO INTERVENE AND TO EXEMPT AND UNSEAL SUBJECT PARAGRAPH IN FDA REPORT OF INVESTIGATION FROM THE PROTECTIVE ORDER; DECLARATIONS OF CINDY OMIDI AND GEORGE PAUKERT**

Upon the interested parties in this action as follows:

    X     By the Court's ECF

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 17, 2019.

/s/ George Paukert

George Paukert